# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

IRIS N. WILSON,

    Plaintiff,

v.

                                                  Case No. 3:21-cv-1212-TJC-PDB

CSX TRANSPORTATION, INC.,

    Defendant.

## O R D E R

**THIS CASE** is before the Court on the Amended Pro Se Motion for Reconsideration to Recuse Patricia D. Barksdale and Relief of Judgment, Doc. 98. Wilson seeks two forms of relief: recusal of Judge Barksdale and reconsideration of the summary judgment decision in favor of CSX Transportation, Inc. See Doc. 98 at 15. Wilson previously filed a motion to recuse Judge Barksdale, which was denied. Docs. 86 and 89. To the extent this motion seeks recusal of Judge Barksdale, that request is denied.

The motion also cites Federal Rule of Civil Procedure Rule 60, regarding Relief from a Judgment or Order, citing subsections (b)(2) involving newly discovered evidence; (b)(3) involving fraud, misrepresentation, or misconduct by the opposing party; and (b)(6) for any other reason that justifies relief. The motion makes several incorrect references to Judge Barksdale being involved

in granting the summary judgment motion, including that Judge Barksdale "elected to overlook the various policy interactions or effects of vacation and other leave benefits which would be omitted from FMLA calculations . . ." and concludes that Judge Barksdale was motivated by a desire to be "loyal to her former employer and biased toward Wilson." Doc. 98 at 13-14.

First, the decision to grant summary judgment was made by the undersigned and not Judge Barksdale. Second, as the Court explained in its decision, Wilson's FMLA interference claim failed because she was provided twelve weeks of FMLA leave, even though some of the FMLA leave was designated retroactively. CSXT's failure to properly follow its own process, while understandably frustrating to Wilson, does not create legal liability for CSXT unless Wilson was prejudiced. As explained in its Order, the Court found no prejudice. Doc. 77 at 14-16, 26.

"Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice." De Ford v. Koutoulas, 2023 WL 3584077, at *3 (M.D. Fla. May 22, 2023). Wilson has not shown any of these circumstances.

Accordingly, it is hereby

**ORDERED:**

1. The Amended Pro Se Motion for Reconsideration to Recuse Patricia D. Barksdale and Relief of Judgment, Doc. 98, is **DENIED**.

2. Plaintiff's Amended Motion re Application for Default Judgment and Supporting Affidavit, Doc. 104, is **DENIED** as frivolous.

**DONE AND ORDERED** in Jacksonville, Florida the 4th day of November, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

ddw
Copies:

Counsel of record

Iris N. Wilson
2324 Alexia Circle
Jacksonville, FL 32246

3